# Supreme Court of Florida

————————

No. SC17-929

————————

**DENNIS SOCHOR,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[March 1, 2018]

PER CURIAM.

We hereby affirm the denial of Appellant's third successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.851. Because the motion was legally insufficient on its face and refuted by the record, we find that the trial court's failure to hold a case status conference was harmless error, and that no evidentiary hearing was required. *See Marek v. State*, 14 So. 3d 985, 999 (Fla. 2009); *Rutherford v. State*, 926 So. 2d 1100, 1108 (Fla. 2006).

Additionally, the trial court did not err by summarily denying his claim based on newly discovered evidence and *Brady v. Maryland*, 373 U.S. 83 (1963). Sochor alleges that a recent declaration obtained from Marvin Droste details a

confession from Gary Sochor, Appellant's brother, that Gary was actually "more responsible than anyone else" for the murder of Patricia Gifford. However, the declaration itself is inadmissible because it does not fall within a hearsay exception. *See Robinson v. State*, 707 So. 2d 688, 691 (Fla. 1998); § 90.804(2), Fla. Stat. Accordingly, the declaration from Marvin Droste would not "probably produce an acquittal on retrial or yield a less severe sentence." *Kormondy v. State*, 154 So. 3d 341, 353 (Fla. 2015). Therefore, the newly discovered evidence claim was properly denied. *See id.* Further, the new information obtained from Droste is not material under the *Brady* standard. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Viewing the declaration by Droste in the context of the entire record, the content of the impeachment evidence against Gary Sochor does not undermine our confidence. *See Mordenti v. State*, 894 So. 2d 161, 172 (Fla. 2004) (explaining that the materiality prong of *Brady* is satisfied if "there is a reasonable probability that this evidence 'put[s] the whole case in such a different light as to undermine confidence in the verdict.' " (quoting *Kyles v. Whitley*, 514 U. S. 419, 435 (1995)).

Accordingly, we affirm the trial court's denial of relief.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Broward County,
     Paul L. Backman, Judge - Case No. 061986CF015270A88810

Neal Dupree, Capital Collateral Regional Counsel, Rachel Day, Assistant Capital Collateral Regional Counsel, Jessica Houston and Jason Kruszka, Staff Attorneys, Southern Region, Fort Lauderdale, Florida,

     for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Donna M. Perry, Assistant Attorney General, West Palm Beach, Florida,

     for Appellee